**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4122**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY WARREN HANCOCK, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:13-cr-00274-GJH-1)

Submitted:  September 19, 2019               Decided:  September 27, 2019

Before GREGORY, Chief Judge, NIEMEYER, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Thomas M. Sullivan, Assistant United States Attorney, Michael T. Packard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Gary Warren Hancock, Jr., of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (2012); using, carrying, and brandishing a firearm during and in relation to a crime of violence (Hobbs Act robbery), in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2012); and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Hancock to 300 months' imprisonment. On appeal, Hancock raises a variety of challenges to his convictions and sentence. Finding no error, we affirm.

I.

Hancock argues that the district court erred in denying his motion to suppress a show-up identification, contending that the procedure the officers used was unduly suggestive. We review the court's factual findings related to an out-of-court identification for clear error and "review *de novo* the court's legal conclusion as to whether the identification violated the Due Process Clause." *United States v. Saunders*, 501 F.3d 384, 389 (4th Cir. 2007). To demonstrate that identification testimony is inadmissible, the defendant must first "show that the . . . identification procedure was impermissibly suggestive." *Id.* "[I]f the defendant meets this burden, a court considers whether the identification was nevertheless reliable in the context of all of the circumstances." *Id.* at 389-90. We may, however, uphold a district court's denial of a motion to suppress an out-of-court identification without determining whether the identification procedure was unduly suggestive if we find the identification reliable under the totality of the

circumstances.  *See United States v. Greene*, 704 F.3d 298, 308 (4th Cir. 2013); *Holdren v. Legursky*, 16 F.3d 57, 61 (4th Cir. 1994).  When assessing reliability, we examine:

> (1) the witness' opportunity to view the perpetrator at the time of the crime; (2) the witness' degree of attention at the time of the offense; (3) the accuracy of the witness' prior description of the perpetrator; (4) the witness' level of certainty when identifying the defendant as the perpetrator at the time of the confrontation; and (5) the length of time between the crime and the confrontation.

*Greene*, 704 F.3d at 308 (internal quotation marks omitted).

The witness here had ample opportunity to view Hancock, and he was attentive to details at the time of the offense.  The witness provided a specific description of the robber prior to the show-up and did not hesitate to identify Hancock as the robber.  Finally, the witness' memory was fresh because the identification occurred promptly after the robbery.  Accordingly, we conclude that the court correctly denied Hancock's motion to suppress.

II.

Hancock contends that the district court erred in permitting him to proceed pro se at trial, specifically asserting that the court conflated competence to stand trial with competence to try a case.  "The Sixth Amendment guarantees to a criminal defendant the right to the assistance of counsel before he can be convicted and punished by a term of imprisonment."  *United States v. Ductan*, 800 F.3d 642, 648 (4th Cir. 2015).  But "it is equally clear that the Sixth Amendment also protects a defendant's affirmative right to self-representation."  *Id.*  A defendant "may waive the right to counsel and proceed at trial pro se only if the waiver is (1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely."  *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013).  Ultimately,

"the defendant should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *United States v. Bush*, 404 F.3d 263, 270 (4th Cir. 2005) (alteration and internal quotation marks omitted).[*]

Initially, we conclude that, contrary to Hancock's assertion, the court expressly recognized the difference between competence to stand trial and competence to represent oneself at trial. We further conclude that the court was exceptionally thorough in examining whether Hancock was competent to represent himself at trial and whether his decision to do so was clear, unequivocal, knowing, and voluntary. Despite understanding the harsh penalties that would result from a guilty verdict and despite the court's warnings about the disadvantages of proceeding without an attorney familiar with the federal rules, Hancock chose to represent himself. Accordingly, we find no error in the court's decision to allow Hancock to waive his right to counsel and proceed pro se at trial.

## III.

Hancock avers that the district court's rulings at trial had a "chilling effect" on him such that they influenced his decision not to testify on his own behalf. He explains that, by inhibiting his attempts to prove through witness testimony that a dashboard camera ("dash cam") video had been fabricated, the court intimidated him into not testifying.

---

[*] The parties disagree about the applicable standard of review. Because Hancock's argument fails under any standard, we decline to resolve the dispute.

We conclude that this argument is without merit. While the court sustained several of the Government's objections, it also overruled several of them throughout the course of the multi-day trial. Moreover, Hancock ably questioned several witnesses in his mission to prove that the dash cam video had been altered. Thus, Hancock's assertion that the court's rulings unduly influenced his decision not to testify is unfounded.

IV.

Hancock argues that the court erred in denying his motion to dismiss his § 924(c) conviction. He asserts that the residual clause of § 924(c) is unconstitutionally vague and that Hobbs Act robbery does not qualify as a crime of violence under the force clause.

After Hancock filed his briefs, the Supreme Court held that the residual clause of § 924(c) is unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). We recently held, however, that the predicate felony for Hancock's § 924(c) conviction—Hobbs Act robbery—categorically qualifies as a crime of violence under § 924(c)'s force clause, which remains intact after *Davis*. *See United States v. Mathis*, 932 F.3d 242, 265-66 (4th Cir. 2019). We therefore conclude that Hancock's challenge to his § 924(c) conviction is without merit and the court correctly denied his motion to dismiss.

V.

Finally, Hancock contends that the court clearly erred in overruling his objection to the obstruction-of-justice enhancement. He argues that he did not commit perjury at the motions hearing because he sincerely believed that the dash cam video had been altered.

5

"We review criminal sentences for reasonableness using an abuse of discretion standard.  A sentence based on an improperly calculated Guidelines range is procedurally unreasonable."  *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018) (citations omitted).  "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, we review the district court's legal conclusions *de novo* and its factual findings for clear error."  *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018) (alterations and internal quotation marks omitted).  "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).

The obstruction-of-justice enhancement is appropriate when the defendant commits perjury or provides materially false information to the court.  *See* U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.4(B), (F) (2014).  To apply the enhancement on these grounds, the sentencing "court must find by a preponderance that the defendant: (1) gave false testimony; (2) concerning a material matter; (3) with the willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory)."  *United States v. Savage*, 885 F.3d 212, 225 (4th Cir.), *cert. denied*, 139 S. Ct. 238 (2018).  "Information is material when, if believed, would tend to influence or affect the issue under determination."  *Id.* (internal quotation marks omitted).  And "to have acted willfully within the meaning of this guideline, a defendant must consciously act with the purpose of obstructing justice." *Id.* (internal quotation marks omitted).

During the motions hearing, Hancock testified that the chase scene was reenacted and that the reenacted portions were spliced into the beginning and end of the video to make it look like he was at the crime scene and that the officers had not used excessive force to stop his motorcycle. He denied being anywhere near the crime scene, accused the officers of planting the firearm on him, and insisted that the officers and one of his attorneys committed perjury. We find no clear error in the court's determination that this testimony was false, material to the suppression motion, and willfully made for the purpose of obstructing justice. We therefore conclude that the court properly applied the obstruction-of-justice enhancement.

VI.

We affirm the district court's judgment. We deny Hancock's motions for leave to file a pro se supplemental brief and electronic media. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*